IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALABAMA INSURANCE
GUARANTY ASSOCIATION,

    Plaintiffs,

v.                                                   CASE NO. 2:11-cv-3228-MHH

FRANKCRUM 1 INC., et al.,

    Defendant.

# **ORDER**

The Court held a status conference in this action on October 30, 2012. During the conference, the Court raised questions pertaining to subject matter jurisdiction. Specifically, the Court asked whether, for purposes of diversity jurisdiction, the defendants may use 28 U.S.C. §1332(d)(10) to establish the citizenship of plaintiff AIGA, an unincorporated association.  The Court ordered the defendants to file a brief that addressed three questions concerning subject matter jurisdiction.  Doc. 53.  In their brief, the defendants concluded that this Court lacks federal subject matter jurisdiction.  Doc. 54.  For the reasons stated below, the Court agrees and directs the Clerk to REMAND this action to the Circuit Court of Jefferson County, Alabama.

## I. Procedural History

Plaintiff Alabama Insurance Guaranty Association (hereafter "AIGA") initiated this action against defendants FrankCrum 1, Inc.; FrankCrum 11, Inc.; and FrankCrum 6, Inc. (jointly "FrankCrum") on August 3, 2011 in the Circuit Court of Jefferson County, Alabama. Doc. 1, ¶ 1. AIGA seeks reimbursement of statutory benefits that AIGA purportedly paid on behalf of FrankCrum. Doc. 1-1.

FrankCrum was served on August 8, 2011. Doc. 1, ¶ 1. On September 7, 2011, FrankCrum timely removed the action to this Court. Doc. 1. In its removal petition, FrankCrum asserted that AIGA "is an unincorporated association organized under the laws of the State of Alabama," making AIGA a citizen of Alabama under 28 U.S.C. § 1332(d)(10). *Id*. at ¶ 2(a). According to the petition, the defendants are three related businesses incorporated in the State of Florida with their principal places of business in Florida. *Id*. at ¶ 2(b). Thus, FrankCrum alleged that, "there is diversity of citizenship among the parties." Doc. 1, ¶ 2. FrankCrum also alleged that the action satisfies the amount in controversy requirement because AIGA seeks to recover at least $603,981.49. *Id*. at ¶ 3.

AIGA did not file a motion to remand. On October 30, 2012, the Court *sua*

*sponte* expressed concern regarding subject matter jurisdiction. Doc. 53.[1] The Court ordered FrankCrum to address the following issues:

1. May a party use 28 U.S.C. § 1332(d)(10) as a basis for establishing the citizenship of an unincorporated association outside the context of a Class Action Fairness Act ("CAFA") diversity action? *See* 28 U.S.C. §1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

2. If defendants may not rely on 28 U.S.C. §1332(d)(10) for the purpose of establishing the citizenship of plaintiff AIGA in this action, may defendants cure this defect in jurisdictional pleading? *See* 28 U.S.C. § 1653 (2006)("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts").

3. Outside of the context of CAFA actions, to establish the citizenship of an unincorporated association, a removing party must identify the citizenship of the members of the unincorporated association. *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). If defendants may not rely on 28 U.S.C. 1332(d)(10) for the

---

[1] This action was reassigned to the undersigned magistrate judge on October 2, 2012. Doc. 45.

purpose of establishing the citizenship of plaintiff AIGA in this action, is there an exception to the *Carden* rule for insurance guaranty associations?

FrankCrum submitted its thoughtful, thorough analysis of the relevant jurisdictional issues on November 9, 2012.  Doc. 54.  FrankCrum concluded that the Court does not have subject matter jurisdiction over this action.  *Id.*  None of the other parties has challenged FrankCrum's evaluation.

## II. Discussion

Federal courts are courts of limited jurisdiction: "[t]hey possess only that power authorized by [the] Constitution and statutes." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994) (citations omitted). It is incumbent on federal courts to monitor their jurisdiction.  *See* 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]  Diversity jurisdiction exists when, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - [] citizens of different states."

---

[2]*See also Fitzgerald v. Seaboard Sys. R.R.,* 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam); *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir. 1981) (per curiam) (holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits).

28 U.S.C. § 1332(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse, and the amount in controversy must exceed $75,000, 28 U.S.C. § 1332(a).")(citations omitted).

A defendant may remove any civil action over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). When removing a case from state to federal court, the defendant bears the burden of proving federal jurisdiction. *Marshall v. Washington*, 2012 WL 3553415 at *2 (11th Cir. Aug. 20, 2012). The FrankCrum defendants now concede that the parties in this action are not completely diverse. Consequently, the Court lacks subject matter jurisdiction over the action.

**A.     The defendants may not use 28 U.S.C. §1332(d)(10) to establish the citizenship of AIGA, an unincorporated association, because this is not a CAFA action.**

In certain class actions, 28 U.S.C. § 1332(d)(10) invests federal courts with subject matter jurisdiction when there is "minimal diversity." *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702 (4th Cir. 2010)(noting § 1332(d)(10)'s provision for determining the citizenship of unincorporated associations applies only to class actions covered by CAFA). Although the Court has located no opinion from the Eleventh Circuit Court of Appeals that addresses

the issue, the Fifth Circuit, like the Fourth Circuit, has held that §1332(d)(10) applies only in the context of qualifying class actions. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The express language of §1332(d) supports this conclusion. *See* 28 U.S.C. §1332(d)(10) ("*For purposes of this subsection and section 1453*, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.")(emphasis added).[3]

Because § 1332(d)(10) applies only to qualified class actions, and this is not

---

[3]So does CAFA's legislative history. *See* S.Rep. No. 109-14 at 43, 45-46 (Feb. 28, 2005), *reprinted in* 2005 U.S.C.C.A.N. 3 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant . . . New subsection 1332(d)(10) provides that *for purposes of this new section and section 1453 of title 28*, an unincorporated association shall be deemed to be a citizen of a state where it has its principal place of business and the state under whose laws it is organized. This provision is added to ensure that unincorporated associations receive the same treatment as corporations for purposes of diversity jurisdiction. The U.S. Supreme Court has held that '[f]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association.' This rule 'has been frequently criticized because often * * * an unincorporated association is, as a practical matter, indistinguishable from a corporation in the same business.' Some insurance companies, for example, are 'inter-insurance exchanges' or 'reciprocal insurance associations.' For that reason, federal courts have treated them as unincorporated associations for diversity jurisdiction purposes. Since such companies are nationwide companies, they are deemed to be citizens of any state in which they have insured customers. Consequently, these companies can never be completely or even minimally diverse in any case. It makes no sense to treat an unincorporated insurance company differently from, say, an incorporated manufacturer for purposes of diversity jurisdiction. New subsection 1332(d)(10) corrects this anomaly.")(emphasis added).

a class action, FrankCrum may not rely on 1332(d)(10) to establish the citizenship of AIGA.

**B.     Under the circumstances of this case, FrankCrum cannot invoke 28 U.S.C. § 1653 to cure this jurisdictional defect.**

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). "[S]ection 1653 permits amendment only to correct 'incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.'" *San Francisco Residence Club, Inc. v. 7027 Old Madison Pike, LLC*, 583 F.3d 750, 755-56 (11th Cir. 2009) (quoting *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 831, 109 S.Ct. 2218, 2222 (1989)); Doc. 54, p. 4.

Although § 1653 permits amendment to correct defective jurisdictional pleading when the underlying facts, if correctly stated, support federal subject matter jurisdiction, there are no such facts in this case. Because it is an unincorporated association, AIGA is a citizen of every state of which one of its members is a citizen. *Underwriters at Lloyd's, London*, 613 F.3d at 1086-88 (with respect to unincorporated associations, the removing association bears the burden of proving the citizenship of each of its members to meet the jurisdictional requirements of 28 U.S.C. § 1332); *see also Carden* v. *Arkoma Association*, 494

U.S. 185 (1990); *Rhulen Agency, Inc. v Alabama Insurance Guaranty Association*, 896 F.2d 674, 677-78 (2d Cir. 1990)(finding that AIGA and a number of other state insurance guaranty associations were citizens of each state in which one of its members was a citizen); *Temple Drilling Co. v. Louisiana Insurance Guaranty Association*, 946 F.2d 390, 394 (5th Cir. 1991)(same). At the October 30, 2012 status conference in this action, AIGA's counsel acknowledged that AIGA's members are citizens of almost every state, with the possible exceptions of Alaska and Hawaii, and AIGA has members who are citizens of Florida.

Because FrankCrum is a citizen of Florida, and AIGA is a citizen of Florida, an amendment pursuant to §1653 will not cure the existing jurisdictional defect.

### III. Conclusion

Because it appears that it lacks subject matter jurisdiction, the Court must remand this action to the Circuit Court of Jefferson County, Alabama. 28 U.S.C. 1447(c); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410-11 (11th Cir. 1999)("a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court"). If any party objects to this Order, it must file its objections within **14** days. Absent objection, the Clerk is DIRECTED to remand this action to the Circuit Court of

Jefferson County, Alabama by December 14, 2012.

DONE this the 27th day of November, 2012.

_/s/ Madeline H. Haikala_
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE